IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHARIQ SEABROOKS | ) | |
| | ) | |
| v. | ) | NO. 3:17-1328 |
| | ) | |
| CORE CIVIC, et al. | ) | |

**TO: Honorable Aleta A. Trauger, District Judge**

## R E P O R T  A N D  R E C O M E N D A T I O N

By Order of May 21, 2018 (Docket Entry No. 8), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 32) filed by Defendants James Holloway, Felix Mitchell, Jeffery Baker, and Carlos Ramos, to which Plaintiff has responded in opposition. *See* Docket Entry No. 35. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that these Defendants be dismissed from the lawsuit.

## I. BACKGROUND

Shairiq Seabrooks ("Plaintiff") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. On October 2, 2017, he filed this lawsuit *pro se* and *in forma*

*pauperis* seeking compensatory damages[1] under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at HCCF and at two other TDOC facilities where he was previously confined, the Trousdale Turner Correctional Center ("TTCC") and the Lois DeBerry Special Needs Facility ("DSNF"). *See* Complaint (Docket Entry No. 1).

Plaintiff asserts that he is at risk of harm from other TDOC inmates because he is incarcerated for killing the brother of a TDOC inmate who is a member of the "Crips" gang.[2] He alleges that, on January 24, 2017, he arrived at the TTCC on a transport bus and immediately began to be worried for his safety because of the presence of TDOC inmates in the Crips gang who were acting in a threatening manner toward him. *See* Complaint at 7. He alleges that he alerted TTCC correctional officers about the risk, requested protective custody, and asked for an "incompatible" notation to be made, but that, instead of taking steps to protect him, the officers took steps to assist the other inmates in their attempt to harm Plaintiff and they permitted the other inmates to assault and kill inmate Bibbs, who was Plaintiff's co-defendant in the crime for which Plaintiff is incarcerated. *Id*. at 7-11. Plaintiff alleges that TTCC nurses also refused to help him and that he attempted suicide by cutting himself on or about January 25, 2017, an act which led to his being taken to a hospital and transferred from TTCC to the DSNF. *Id*. at 11-12.

Plaintiff alleges that, although he was told that inmate Bibbs was not killed, that staff at the DSNF were "covering up" Bibbs' murder. *Id*. at 12-13. He alleges that staff at the DSNF both retaliated against him and failed to offer him protective custody status while he was at the DSNF.

---

[1] Plaintiff originally sought $300,000.00 in damages but subsequently amended his complaint to increase his damage request to $8,000,000.00. *See* Docket Entry No. 9.

[2] *See State v. Seabrooks*, 2009 WL 3103792 (Tenn.Crim.App. Sept. 29, 2009)

2

*Id*. at 13-15. He contends that his mail was tampered with at the DSNF, that staff shared confidential information with other inmates "affiliated with the Crips gang," and that he was intentionally misled into signing a blank reclassification form that led to his involuntary transfer from the DSNF to the HCCF. *Id*. Plaintiff alleges that wrongdoing also occurred at the HCCF, where he was retaliated against and prevented from filing grievances and where a prison physician forged medical documents. *Id*. at 14-15.

In his original complaint, Plaintiff named as defendants nine unnamed employees at the TTCC as "John or Jane Does," three TDOC inmates, eight employees at the DSNF – Felix Mitchell ("Mitchell"), Jeffrey Baker ("Baker"), James Holloway ("Holloway"), Carlos Ramos ("Ramos"), f/n/u Martinez ("Martinez"), f/n/u Green, f/n/u Robertson, f/n/u Robertson – and one "John Doe" physician at the HCCF. *Id*. at 4-6. All Defendants were named in their individual capacities only. Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted colorable Eighth Amendment failure to protect claims against the John/Jane Doe Defendants 1-4, 6, and 8 based upon the events at the TTCC and against Mitchell, Baker, Martinez, Holloway, and Ramos based upon the events at the DSNF. *See* Order (Docket Entry No. 8) at 3. The Court further found that Plaintiff asserted a colorable Eighth Amendment claim for deliberate indifference to his serious medical needs claims against Jane Doe Defendants 7 and Doe 8 based upon the events at the TTCC. *Id.* All other claims and defendants were dismissed. *Id*.

Process was issued in the action but was returned unexecuted for all Defendants except for Defendants Holloway, Mitchell, Baker, and Ramos. In lieu of an answer, these four Defendants (hereinafter referred to collectively as "Defendants") filed the pending motion to dismiss, seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See*

3

Docket Entry No. 32. Defendants argue that Plaintiff does not allege that they had any personal involvement in the events that occurred at TTCC and that he does not plead that he sustained any actual harm because of Defendants' alleged failure to protect him while he was at the DSNF. *See* Defendants' Memorandum in Support (Docket Entry No. 33) at 5-7. They argue that the later deficiency is fatal to Plaintiff's request for compensatory damages because of the "physical injury" requirement of 42 U.S.C. § 1997e(e). *Id*.

In response, Plaintiff argues that Defendants are only being sued because of their actions at the DSNF and that his allegations against them are sufficient to support his Eighth Amendment claim that they were deliberately indifferent to the risk of serious harm to his personal safety. *See* Response in Opposition (Docket Entry No. 35). He further argues that his allegations of a constitutional injury are sufficient to show an independent injury that falls outside the scope of Section 1997e(a). *Id*. Additionally, Plaintiff submits two motions for leave to file amended complaints, new pleadings which he asserts will cure any pleading deficiencies contained in his original complaint and rebut the argument that he fails to state a claim against Defendants upon which relief can be granted. *See* Motions to Amend (Docket Entry Nos. 36 and 41).

In reply, Defendants contend that nothing argued by Plaintiff in response to their motion negates their arguments for dismissal. *See* Reply (Docket Entry No. 38). Defendants further contend that Plaintiff's first proposed amended complaint does not add any allegations that cure the deficiencies of his complaint and that this proposed pleading lacks allegations showing that he suffered an actual physical injury because of the alleged actions of Defendants. *See* Response in Opposition to Motion to Amend (Docket Entry No. 37). Defendants have not responded to Plaintiff's second motion for leave to amend his complaint.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The complaint must provide the grounds for the entitlement to relief sought and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief, *Twombly*, 550 U.S. at 555-61, and the complaint must contain either direct or inferential allegations supporting recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III. CONCLUSIONS

A. Plaintiff's Motions to Amend

By separately entered Order, the undersigned has addressed Plaintiff's two motions for leave to file an amended complaint by (1) granting his most recent motion (Docket Entry No. 41) and directing the Clerk to file the proposed amended complaint, and, (2) denying the first motion (Docket Entry No. 36) as moot. Accordingly, the operative pleading for Plaintiff's lawsuit is his most recent amended complaint. *See* Docket Entry No. 41-1.

B. Defendants' Motion to Dismiss

The Court would normally deem Defendants' motion to dismiss to be moot in light of the recently amended complaint and would require Defendants to file a new motion to dismiss that directly addresses the allegations set out in the amended complaint. However, the factual allegations set out in the amended complaint are substantively the same as those made in the original complaint, and the main argument for dismissal raised by Defendants in their motion applies as equally to the amended complaint as it does to the original complaint. The Court sees no need for the filing of a new motion to dismiss by Defendants.

Without disputing the truthfulness of the allegations made by Plaintiff about what occurred at the DSNF, which Defendants cannot do within the stance of their motion to dismiss brought under Rule 12(b)(6), Defendants contend that Plaintiff's claim must fail because he does not allege that he was actually harmed or injured as a result of Defendants' alleged failure to take steps to protect him. Defendants point out that Plaintiff does not allege that he was actually assaulted by any inmate at the DSNF or that he committed any act of self-injury while at the DSNF as a result of the actions or

inactions of Defendants. Defendants correctly point out that his only allegations of harm that he suffered at the DSNF are mental or emotional distress. Relying on both Sixth Circuit case law and the language of 42 U.S.C. § 1997e(e), Defendants argue that Plaintiff's request for monetary damages under Section 1983 must be dismissed because he does not allege that he sustained any physical harm or injury as a result of Defendants' alleged unconstitutional conduct. *See* Defendants' Memorandum in Support (Docket Entry No. 33) at 6-7, and Reply (Docket Entry No. 38).

The Eighth Amendment provides prisoner inmates with a certain measure of protection from violence at the hand of other inmates. *Farmer v. Brennan*, 411 U.S. 825, 832-833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834. Next, "plaintiff also must show that prison officials acted with 'deliberate indifference' to inmate health or safety." *Id*.

The legal standards for a failure to protect claim are well settled. However, these standards do not address the issue of whether a claim seeking damages based upon a prison official's failure to take steps to protect a prisoner from a risk of harm is subject to dismissal when the harm never materializes in a form that causes an actual physical injury to the prisoner plaintiff. For two reasons, the Court finds Defendants' argument for dismissal of Plaintiff's failure to protect claim to be legally supported within the Sixth Circuit and substantial enough to warrant dismissal of Plaintiff's claim.

First, Section 1997e(e) of the Prison Litigation Reform Act provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

> without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C.A. § 1997e(e). In *Tribe v. Snipes*, 19 Fed.App'x 325 (6th Cir. 2001), the Sixth Circuit specifically addressed the impact of 42 U.S.C. § 1997e(e) on a request for monetary damages brought by a prison inmate who alleged that prison officials violated his Eighth Amendment rights. The prisoner, who had been attacked by other inmates six years prior, alleged that prison officials were indifferent to the risk to his safety when they (1) transferred him to a prison where his prior attackers were housed, (2) kept him in the general population, (3) failed to note the identity of his inmate enemies in his file, and (4) failed to transfer him to another facility. *Id*. at 326. The Sixth Circuit found that Section 1997e(e) barred the prisoner's request for damages because he did not allege that he was assaulted and that his assertion of stress and fear about another attack, even when accompanied by "chest pains and a cold, numb, left arm," did not constitute a physical injury for the purposes of Section 1997e(e). *Id.*

The Court finds no material difference between *Tribe* and the instant case as it pertains to the claim against Defendants. Plaintiff's lack of an allegation of any physical injury arising from Defendants' alleged conduct is fatal to his claim for damages in light of Section 1997e(e). *See Wallace v. Holloway*, 2017 WL 4001569 at *7 (W.D.Tenn. Sept. 11, 2017) (prisoner's failure to protect claim was subject to dismissal under 42 U.S.C. § 1997e(e) because he alleged only that defendants caused him to suffer from emotional anxiety and fear for his safety because of their alleged failure to protect him); *Hill v. Hickman Cty. Jail*, 2015 WL 5009301 at *6 (M.D.Tenn. Aug. 21, 2015) (prisoner who alleged that he was threatened by another prisoner and that jail officials did not take the threats seriously failed to state a colorable failure to protect claim under

8

Section 1997e(e) because he failed to allege any actual assault or physical injury resulted from the prison officials' disregard of the threats); *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F.Supp.2d 1002, 1011 (S.D. Ohio 2001), *aff'd*, 35 Fed.App'x 142 (6th Cir. 2002). *See also Adams v. Rockafellow*, 66 Fed.App'x. 584, 586 (6th Cir. 2003) (prisoner's Eighth Amendment claim for damages was not cognizable under 42 U.S.C. § 1997e(e) because he failed to allege that he suffered a physical injury because of strip searches by prison officials).

Second, within the Sixth Circuit, "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir.1996)). In *Wilson*, a prison inmate sought compensatory and punitive damages for an Eighth Amendment claim based on allegations that prison officials did not take steps to protect him from other inmate gang members. In dismissing his claim, the Sixth Circuit found that the Eighth Amendment does not provide for monetary damages for a failure to protect claim when there is no allegation that the prisoner plaintiff was actually physically injured by the other inmates. 148 F.3d at 601. The Sixth Circuit noted that this conclusion would remain the same even if the prisoner had alleged that he suffered emotional or psychological injury from the alleged threats. *Id*. The holding in *Wilson* requires dismissal of Plaintiff's Eighth Amendment failure to protect claim given Plaintiff's lack of allegations that he suffered an actual physical injury caused by Defendants' alleged deliberate indifference to his safety. *See Osborne v. Little*, 2008 WL 4057093 at *3 (M.D.Tenn. Aug. 29, 2008) ("Under *Wilson*, Plaintiff cannot recover damages for his fears that give rise to his claims for emotional distress or mental suffering alone.").

9

The Court has read Plaintiff's response to the motion to dismiss and finds that Plaintiff does not set forth any legal grounds for ignoring the aforementioned law. Additionally, although Plaintiff's amended complaint does not seek any relief other than monetary relief, to the extent that he sought injunctive and declaratory relief in his first proposed amended complaint,[3] there is no basis for such relief because he is no longer confined at the DSNF and no longer under the supervision and control of the DSNF Defendants. Accordingly, any claims for injunctive and declaratory relief are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").

Although Defendant Martinez has not been served with process in this action and did not join in the motion to dismiss, the failure to protect claim against him is based upon the events occurring at the DSNF and is essentially the same as the claim against the other DSNF Defendants that is subject to dismissal via the motion to dismiss. Because there are no allegations of a physical harm to Plaintiff arising from Defendant Martinez' alleged failure to protect Plaintiff, the claim against Martinez should also be dismissed.[4]

---

[3] Although Plaintiff seeks only monetary relief in his most recent amended complaint, he made requests in his first proposed amended complaint for a declaration that his constitutional rights had been violated, injunctive relief requiring the payment of money to him, compensatory damages, and punitive damages. *See* Docket Entry No. 36.

[4] 28 U.S.C. § 1915(e)(2) permits a claim filed by an *in forma pauperis* plaintiff to be dismissed at any time if it fails to state a claim upon which relief may be granted, and this Report and Recommendation and the period for objections satisfy the procedural requirements for a *sua sponte* grant of dismissal under Rule 12(b)(6) for failure to state a claim. *See Morrison v. Tomano*,

**RECOMMENDATION**

Based on the foregoing, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 32) filed by Defendants James Holloway, Felix Mitchell, Jeffery Baker, and Carlos Ramos be GRANTED and that these Defendants, in addition to Defendant f/n/u Martinez, be DISMISSED from this action.[5]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                             Respectfully submitted,

                                             BARBARA D. HOLMES
                                             United States Magistrate Judge

---

755 F.2d 515, 516-17 (6th Cir. 1984).

[5] If this Report and Recommendation is adopted, Plaintiff's surviving claims will consist of only claims involving defendants at the TTCC, as those claims and defendants are summarized in the Court's Memorandum and Order entered May 21, 2018 (Docket Entry Nos. 7 & 8).